A98A0274. TODD v. THE STATE.
(498 SE2d 142)

ELDRIDGE, Judge.

A Douglas County jury found appellant Ralph Lee Todd guilty of theft by taking (motor vehicle), terroristic threats, and stalking. He appeals.

The evidence shows that the victim broke off her relationship with appellant and that appellant did not take it well. In retaliation, appellant stole the victim's car. The victim called the police and reported appellant's act. Several days thereafter, appellant broke into the victim's home, beat her severely about the neck and face with a gun, raped her, and complained about her contact with the

police. The victim reported the assault/rape to the police. Four days after that, appellant called the victim at her office (the speaker phone was on) and threatened to "get her" for her repeated contact with the police; appellant stated he was "not going back to prison." In addition, appellant let the victim know that he had placed her under surveillance by informing her that he knew who had changed the locks on her home, that he knew she had a gun in her home, and that he knew the police had been at her workplace.

Herein, appellant does not challenge the sufficiency of the evidence introduced against him, and we find the evidence sufficient. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Instead, appellant claims that three errors of law require reversal. Upon review, we disagree and affirm.

1. Appellant first contends that the trial court erred in refusing to give his written request to charge the jury on the offense of harassing telephone calls, OCGA § 16-11-39.1, as a lesser included offense of terroristic threats, OCGA § 16-11-37, since the threats were made over the telephone.

A reading of OCGA § 16-11-39.1 (a) demonstrates that a person may commit the offense of "harassing telephone calls" in four separate and alternative ways. *Hazelton v. State*, 200 Ga. App. 61, 63 (406 SE2d 569) (1991). Pertinent to the instant case, a person may commit the offense of "harassing telephone calls" when he "uses over the telephone language threatening bodily harm"; no specific intent is required. OCGA § 16-11-39.1 (a). On the other hand, the offense of terroristic threats is committed when a person "threatens to commit any crime of violence . . . with the purpose of terrorizing another."[1] OCGA § 16-11-37. Thus, as in the instant case, any threat to commit a crime of physical violence upon another person that is communicated by telephone may be considered either an harassing telephone call or a terroristic threat, depending on the *intent* of the caller as determined by the jury.[2]

Further, a crime. is considered "included" in another offense when "[i]t is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged." OCGA § 16-1-6 (1). Clearly then, depending on the facts of a case, harassing telephone calls may be an included offense of terroristic threats, since the same act may consti-

---

[1] The offense of terroristic threats also requires corroboration by one or more witnesses, which requirement is not present in the offense of harassing telephone calls.

[2] Compare *Usher v. State*, 143 Ga. App. 843 (240 SE2d 214) (1977), which case did not determine whether "harassing telephone calls" is a lesser included offense of the crime of "terroristic threats." *Usher* decided only that if the threat of physical violence is made with the felonious intent to terrorize, the fact that the threat is communicated via telephone does not reduce the crime to the misdemeanor offense of "harassing telephone calls." Id. at 844.

tute both and only the culpable mental state differs.

However, "[t]he complete rule with regard to giving a defendant's requested charge on a lesser included offense is: where the state's evidence establishes all of the elements of an offense *and there is no evidence raising the lesser offense*, there is no error in failing to give a charge on the lesser offense." (Emphasis in original.) *Edwards v. State*, 264 Ga. 131, 133 (442 SE2d 444) (1994); *Huckeba v. State*, 217 Ga. App. 472, 475 (458 SE2d 131) (1995). Under the facts of this case, the state's evidence was sufficient to establish all of the elements of the indicted offense of terroristic threats (as conceded by appellant); appellant's defense was that he never made any threats or intimidating remarks at all. Thus, under the evidence, either appellant was guilty of the indicted offense or he was guilty of no offense whatsoever. "Where, as here, the evidence shows either the commission of the completed offense as charged, or the commission of no offense, the trial court is not required to charge the jury on a lesser included offense." (Citations and punctuation omitted.) *Leaver v. State*, 211 Ga. App. 876, 878 (2) (440 SE2d 760) (1994). Accordingly, under the circumstances existing herein, there was no error in the trial court's refusal to charge the lesser included offense.

2. Next, appellant challenges the introduction of the similar transaction evidence wherein appellant broke into the victim's home, assaulted her, and raped her. Appellant's challenge to this evidence is premised on three separate grounds: (a) the rape accusation is allegedly unrelated to the indicted offenses; (b) the state failed to articulate a proper purpose for the introduction of this evidence pursuant to *Williams v. State*, 261 Ga. 640, 641 (2) (409 SE2d 649) (1991); and (c) the trial court failed to charge the jury on the limited purpose for their consideration of this evidence.

At the outset, as the trial court correctly noted, this evidence is in fact evidence of "prior difficulties between the parties," not "similar transaction" evidence which concerns completely independent offenses. As noted by Supreme Court of Georgia Presiding Justice Hunt before his departure for the federal bench, "What is true in this case is generally true with all cases involving prior difficulties between a victim and a defendant. The history of their relationship is of whole cloth woven of the many threads of dependent, connected actions and incidents that occurred between them. In short, evidence concerning prior difficulties they have experienced in their relationship is relevant." *Stewart v. State*, 263 Ga. 843, 849-850 (440 SE2d 452) (1994) (Hunt, P. J., dissenting). Accordingly, we analyze the admissibility of the evidence about which appellant complains, prior difficulties evidence, with this in mind. See *Maxwell v. State*, 262 Ga. 73, 74 (2) (b) (414 SE2d 470) (1992).

(a) There was no error with regard to the admission of the prior

difficulties between the parties since the evidence showed: (1) appellant was the perpetrator of the assault/rape; (2) the motive and course of conduct between the parties; and (3) "some link of association, something which draws together the preceding and subsequent acts, something which gives color of cause and effect to the transaction." Id. at 75; *McTaggart v. State*, 225 Ga. App. 359 (483 SE2d 898) (1997). Clearly, the evidence of appellant's crime of violence against the victim proved appellant's intent with regard to his terroristic threats to "get her" and her subsequent terror. The ongoing conduct of the appellant toward the victim, which encompassed the indicted acts and the "prior difficulties" all within a span of less than two weeks, was relevant and admissible.

(b) The state articulated a proper purpose for the introduction of such evidence: "I think the rape which I've enumerated as a similar transaction is important because it is in the middle of a *course of conduct* of harassment and intimidation in an attempt to win her back or show her that she doesn't need to go to the police. . . . [I]t goes to the issue of why is she — the purpose of his conversation terrorizing." (Emphasis supplied.) See, e.g., *Williams*, supra at 642.

(c) The trial court properly limited the jury's consideration of the prior difficulties evidence to appellant's course of conduct and state of mind, i.e., intent. The fact that the trial court defined "state of mind" for the jury as "knowledge, intent, motive, and other mental conditions" does not result in a "laundry list" of permissible purposes for the consideration of such evidence as was proscribed by this Court in *Stephan v. State*, 205 Ga. App. 241 (422 SE2d 25) (1992). There was no error.

3. In his last enumeration of error, appellant contends that the trial court erred in granting the state's oral motion in limine, thereby refusing to allow appellant to testify as to his alibi defense that he was at work at the time the victim's car was stolen.

The record shows that appellant opted to proceed under the discovery procedures of OCGA § 17-16-1 et seq. Pursuant to that article, appellant failed to comply with OCGA § 17-16-5 (a) requiring disclosure to the state ten days prior to trial of any alibi defense, including "the specific place or places at which the defendant claims to have been at the time of the alleged offense and the names, addresses, dates of birth, and telephone numbers of the witnesses, if known to the defendant, upon whom the defendant intends to rely to establish such alibi unless previously supplied." Appellant does not contest that he failed to provide notice of the specific place he claims to have been at the time of the alleged offense. Appellant does not contest that the alleged alibi witness whose name was supplied the Friday before the Monday trial date could not be found by the state (or the defense, for that matter) in order to determine the nature of the alibi

defense. However, appellant contends that: (a) the Code section applies only to an alibi witness and does not apply when it is the defendant who will testify regarding an alleged alibi; and (b) no showing of prejudice *and* bad faith was made so as to exclude appellant's alibi testimony. OCGA § 17-16-6.[3]

(a) Appellant asserts that OCGA § 17-16-5 (a) applies only to an alibi witness and does not apply when a defendant establishes the alibi defense. Such assertion ignores the plain meaning of the Code section, as well as the purpose of the Discovery Act, OCGA § 17-16-1 et seq.

The provisions of the Discovery Act were designed to facilitate disclosure of evidence in order to ensure "fairness" in criminal adversarial proceedings. While this may seem an oxymoron to some, such was the intent. Accordingly, OCGA § 17-16-5 (a) provides that the alibi *defense* must be disclosed with particularity, including the specific locale, and specific information regarding "the witnesses, if known to the defendant, upon whom the defendant intends to rely to establish such alibi." Thus, as in this case, when it is the defendant who will establish the alibi defense, he is a witness within the ambit of the Act. As appellant correctly notes, the purpose for such detailed disclosure is related to the state's ability to rebut the alibi defense, which rebuttal information must also be disclosed by the state to the defense. Thus, appellant's failure in this case to provide disclosure ten days prior to trial of the specific alibi locale and information regarding a viable witness who would establish the alibi defense impacted on the ability of the state to investigate and refute such evidence in the manner contemplated by the statute. As such, the trial court correctly determined that appellant's notice was insufficient under the statute.[4]

(b) OCGA § 17-16-6 provides remedies for the failure to comply with discovery requirements: "If at any time during the course of the proceedings it is brought to the attention of the court that the [defendant] has failed to comply with the requirements of this article, the court may order the [defendant] to permit the [(1)] discovery or [(2)] inspection, [(3)] interview of the witness, [(4)] grant a continuance, or, [(5)] upon a showing of prejudice and bad faith, prohibit the

---

[3] Appellant's assertion regarding a constitutional right to testify as his alibi defense, i.e., "tell his side of the story," was not raised at trial, and we will not consider it. *Stewart v. State*, 210 Ga. App. 474, 478 (13) (436 SE2d 679) (1993).

[4] The disclosure notice to which appellant refers this Court states only that on the day the victim's car was stolen, appellant was working "at a location other than that of the alleged incident." The name and address of this location was not disclosed, and the witness who was listed on the notice could not be located by either the prosecution or the defense. Moreover, the notice to which appellant refers was filed on August 25, 1995; the trial date was the next working day, Monday, August 28, 1995.

[defendant] from introducing the evidence not disclosed."

As a practical matter under the facts of this case, the trial court could not fashion a remedy from prongs 1 and 2, "discovery or inspection," since such remedies are not relevant to non-disclosure of an alibi defense and, thus, provide no cure. Also, the trial court could not fashion a remedy from prong 3, interview of the witness, since the witness on the list could not be found by any party, and the defendant as a witness has a constitutional right to remain silent; moreover, interviewing a witness during trial is no remedy for the non-disclosure of an alibi defense, since the purpose of the statute, allowing the state to uncover rebuttal evidence ahead of trial and provide such evidence to the defense, would be completely frustrated by a remedy that simply authorizes an interview of the alibi witness during the course of the trial. In addition, the trial court could not fashion a remedy from prong 4, granting a continuance: clearly, after jeopardy has attached and the state has rested, the granting of a continuance in order to allow the state to investigate the non-disclosed alibi defense, gather evidence to rebut it, and provide such evidence to the defense would be impractical and would jeopardize trial procedures. Thus, the only applicable remedy under the facts of this case would be under prong 5, exclusion upon a showing of prejudice and bad faith.

In reviewing a trial court's decision on an oral motion in limine, "we construe the evidence most favorably to uphold the findings and judgment, and must adopt the trial court's findings on disputed facts and credibility unless they are clearly erroneous. Further, since the trial court sits as the trier of facts, its findings will not be disturbed if there is *any* evidence to support them." (Citations and punctuation omitted; emphasis supplied.) *Davis v. State*, 226 Ga. App. 83, 84 (485 SE2d 508) (1997).

The prejudice to the state from a defendant's failure to disclose an alibi defense until trial is obvious: the state is denied the ten days authorized by law in which to investigate and refute the alleged alibi, and the development of such evidence is clearly hampered, if not rendered impossible. Further, in this case the appellant had over a year in which to disclose to the state the *specific* location he claimed to be at the time of the offense and information regarding those witnesses who would testify thereto; the appellant offered the trial court no valid excuse for the failure to provide such statutorily required notification and no justification for the filing of a completely deficient notice one working day before trial. See footnote 4, supra. Such defense conduct frustrated the very purpose and intent of the Act. Thus, evidence of "prejudice and bad faith" exists pursuant to OCGA § 17-16-6, and we cannot say that the trial court abused its discretion in excluding appellant's testimony regarding his alibi defense. *Davis,*

supra at 85.

(c) Moreover, appellant was able to put forward his alleged alibi defense as he proffered it to the trial court: that "[a]ppellant was working the entire day of December 23, 1993, and so he could not have been at the location where the victim's car was stolen." The appellant testified that he worked the entire time that he and the victim dated, and that he left for work each morning at 5:30 a.m. The victim testified that appellant had been working for most of the time she knew him; that he called her regularly from work during his breaks; and that she had thought appellant had gone to work on the day her car was stolen. The appellant testified that he found out that the victim's car was stolen when he called her during his lunch break at work, and she told him that it had been stolen. "Pretermitting error, if any, harm also must be shown affirmatively on the record in order to authorize reversal on appeal. *Robinson v. State*, 212 Ga. App. 613, 616 (442 SE2d 901) (1994)." *Davis v. State*, 225 Ga. App. 564, 570 (7) (484 SE2d 284) (1997). As the substance of appellant's alibi was put before the jury, no harm has been shown.

*Judgment affirmed. Blackburn, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED FEBRUARY 27, 1998.

*Jill L. Anderson, Jeffrey P. Manciagli*, for appellant.
*David McDade, District Attorney, Jeffrey L. Ballew, Assistant District Attorney*, for appellee.