## S00A0252. JOHNSON v. THE STATE.
### (532 SE2d 377)

SEARS, Justice.

Garry Deyon Johnson is to be tried for the murder of Irene Shields in the Superior Court of Burke County. The State has given notice of its intent to seek the death penalty. This Court granted Johnson's application for interim review to consider whether the disclosure requirements of OCGA § 17-16-5 (a) are applicable to Johnson's own alibi testimony. Johnson has also addressed in this interim review, as the Court's instructions to the parties permitted, unrelated search and seizure issues.

1. Johnson elected to have the discovery procedures of OCGA § 17-16-1 et seq. applied to the trial of his case.[1] OCGA § 17-16-5 (a) requires the following:

> Upon written demand by the prosecuting attorney . . . , the defendant shall serve . . . upon the prosecuting attorney a written notice of the defendant's intention to offer a defense

---

[1] "This article shall apply to all criminal cases in which at least one felony offense is charged in the event that at or prior to arraignment, or at such time as the court permits, the defendant provides written notice to the prosecuting attorney that such defendant elects to have this article apply to the defendant's case." OCGA § 17-16-2 (a).

of alibi. Such notice by the defendant shall state the specific place or places at which the defendant claims to have been at the time of the alleged offense and the names, addresses, dates of birth, and telephone numbers of the witnesses, if known to the defendant, upon whom the defendant intends to rely to establish such alibi unless previously supplied.

The prosecuting attorney served Johnson with a written demand for notice of any alibi defense, and that request was reiterated in a hearing before the trial court. Johnson responded that his only possible witness as to an alibi would be himself, and that he did not believe he could lawfully be compelled to reveal the substance of his own testimony prior to trial. The trial court disagreed, and ruled that Johnson must give notice to the State of any alibi testimony he might give at trial on his own behalf.

(a) The term "witness," as it is used in OCGA § 17-16-5 (a), is defined by OCGA § 17-16-1 (3). That subsection states that the term " '[w]itness' does not include the defendant." Thus, it is clear that the legislature intended that a defendant should not be treated as a witness under Code Chapter 17-16-1 et seq. For that reason, the trial court's ruling that OCGA § 17-16-5 (a) requires Johnson to give notice to the State of any alibi testimony he might give at trial on his own behalf was erroneous and must be reversed.[2]

(b) We also granted Johnson's application for interim review to consider whether alibi testimony includes testimony that merely claims a defendant was not present at the crime scene, but does not specify another location where the defendant was when the crime was committed. Although this question is made irrelevant as applied to Johnson's possible testimony because none of his potential testimony is subject to the disclosure requirements of OCGA § 17-16-5 (a), we nonetheless take this opportunity to answer the question. Black's Law Dictionary defines an alibi as "[a] defense that places the defendant at the relevant time in a different place than the scene involved and so removed therefrom as to render it impossible for him to be the guilty party." OCGA § 17-16-5 (a), by requiring a defendant to "state the specific place or places at which [he or she] claims to have been," itself suggests that an alibi necessarily includes a claim of the locale where a defendant purports to have been at the time of the crime. We conclude, therefore, that a defendant is not required by OCGA § 17-16-5 (a) to give notice to the State of the anticipated testimony of a witness who would testify merely that the defendant was

---

[2] To the extent that *Todd v. State*, 230 Ga. App. 849 (498 SE2d 142) (1998), held that "when it is the defendant who will establish the alibi defense, he is a witness within the ambit of [OCGA § 17-16-5 (a)]," it is hereby overruled.

not present at the crime scene at the relevant time, when such testimony will not also assert that the defendant was at a specified location other than the crime scene at the time of the crime.

2. Johnson contends that the trial court erred by denying his two motions to suppress evidence he claims was obtained in violation of the Fourth and Fourteenth Amendments to the United States Constitution. For the reasons that follow, we find that the trial court did not err in denying either motion.

(a) The trial court did not err in finding that the initial warrantless entry into the shared residence of Johnson and the victim was motivated by a reasonable concern for the victim's welfare rather than a desire to obtain evidence. Prior to the warrantless entry, deputies had been unsuccessful in obtaining a response from inside the residence, despite the fact that a Christmas tree was lit and a television was playing. This fact, coupled with reports that the victim could not be reached by telephone and recently had been threatened, amply justified the officers' belief that she might be in danger or in need of assistance inside the residence.[3] Nothing was taken from the residence during the warrantless search other than a photograph of the victim to be used in attempting to locate her. Photographs of the residence were taken to record the condition of the residence, but the State does not intend to use those photographs at trial, and it does not appear that they were relied upon in later obtaining a search warrant. Furthermore, photographing premises legally entered to search for persons in need of assistance has been held to fall under the "plain view" exception set forth in *Mincey v. Arizona*.[4]

(b) The second entry into the residence was conducted pursuant to a warrant. The trial court properly found the search lawful based upon the following facts known at the time the warrant was issued: Johnson had reportedly threatened the victim; the victim's body had been discovered in a condition clearly indicating murder; footprints near the victim's body matched boots worn by Johnson when he was arrested; and Johnson had attempted to evade police.[5] We also find no merit in Johnson's assertion that law enforcement officers made a material and deliberate misstatement of fact to the court that issued the warrant by not indicating that they had previously entered the residence to search for the victim in need of assistance. The first entry was extremely limited and yielded no evidence, so law enforce-

---

[3] See *Mincey v. Arizona*, 437 U. S. 385, 392-393 (98 SC 2408, 57 LE2d 290) (1978).

[4] *Sallie v. North Carolina*, 587 F2d 636, 641 (4th Cir. 1978) (citing *Mincey v. Arizona*, 437 U. S. at 392).

[5] *Bryant v. State*, 268 Ga. 616, 618 (6) (491 SE2d 320) (1997) ("The factual findings of the trial court regarding probable cause for the issuance of a search warrant are to be upheld unless clearly erroneous.").

ment officers' silence about it in their affidavit seeking a warrant for a detailed and careful search does not indicate a reckless disregard for the truth.[6] The warrant was properly issued, and evidence seized during the lawful search is admissible.

(c) Johnson was initially detained based upon reports that he had recently threatened the victim, upon knowledge that the victim had been found murdered, and upon his suspicious conduct in driving past the residence he shared with the victim without stopping in an apparent attempt to evade contact with police. The detaining officer did not immediately place Johnson in custody or remove him from his automobile, but, rather, the officer called for instructions from his superiors. This initial detention was lawful because it was supported by a reasonable, articulable suspicion of Johnson's possible role in the murder.[7] Upon instructions from his superiors, the detaining officer visually inspected Johnson's boots and radioed his observations. Only then, when officers knew that Johnson was wearing boots matching footprints found at the murder scene, was Johnson placed under arrest. Therefore, the trial court properly found Johnson's arrest to be supported by probable cause and the evidence obtained thereby to be admissible.[8]

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED JUNE 12, 2000.

Jack E. Boone, Jr., for appellant.
Daniel J. Craig, District Attorney, Thurbert E. Baker, Attorney General, for appellee.

---

[6] Compare *Franks v. Delaware*, 438 U. S. 154 (98 SC 2764, 57 LE2d 667) (1977).
[7] *Terry v. Ohio*, 392 U. S. 1, 21 (88 SC 1868, 20 LE2d 889) (1968).
[8] See *Michigan v. Summers*, 452 U. S. 692, 700 (101 SC 2587, 69 LE2d 340) (1981).