## A01A0658. ARCHIE v. THE STATE.
### (549 SE2d 480)

JOHNSON, Presiding Judge.

Freddie Archie was convicted of armed robbery, kidnapping, and possessing a firearm during the commission of a felony. He appeals, claiming that the court erred in allowing the state to introduce evidence of two similar transactions: Archie's prior armed robbery conviction, and Archie's forcible robbery of another inmate's necklace while in jail awaiting trial.

Although the court properly admitted Archie's prior armed robbery conviction as a similar transaction, it erred in allowing evidence of the in-jail robbery because it is not sufficiently similar to the crimes charged. Nevertheless, the state's properly admitted evidence was overwhelming, so the court's error was harmless.

Regarding the crimes for which Archie was on trial, the state showed that at 6:00 a.m., on July 9, 1996, Margaret Durrance was preparing to open the Holiday Market in Alapaha. She went outside the store to unlock ice boxes. A man wearing dark clothes — a mask, a jacket, and camouflage pants — approached her and put a gun to the back of her head. He forced Durrance into the store, made her open the safe, took money from the safe, and ordered her to lie on the floor. The man then fled from the store.

Because the man was wearing a mask, Durrance could not specifically identify the robber. But she testified that Archie matched the physical description of the man who had robbed her.

Police officers also found freshly made shoe prints outside the store; they photographed the prints and made plaster casts of them.

---

Officers later found shoe prints outside of Archie's girlfriend's house which matched the prints found outside the store. Inside a closet in the house, the police found a pair of Archie's boots, which still had fresh dirt on the soles, and a hooded sweatshirt that was still damp.

Police took the sweatshirt back to the store to show to Durrance. She immediately identified it as the one worn by her assailant. And at trial, she reiterated that the sweatshirt looked like the one worn by the robber.

A Georgia Bureau of Investigation forensic expert testified that Archie's boots are similar in size to the plaster casts of the shoe prints found at the crime scene, are similar in tread design to the crime scene shoe prints, and could have made those prints. Because there were no imperfections or accidental marking in the shoe tread design, this was the best expert opinion that could be given in such a case.

The state further presented the victim of a 1988 armed robbery. She testified that Archie, dressed in dark clothing, approached her in a convenience store parking lot, showed her a gun, demanded her car keys, and then drove away in her car. Archie was convicted of that armed robbery and was given a seven-year sentence.

The state also introduced evidence that a jail inmate had reported that Archie, who was in jail awaiting trial, had forcibly stolen a gold chain from another inmate's neck. The stolen necklace was never recovered, and Archie was never charged with any crime for the theft.

An independent act of a defendant is admissible to show motive, intent, plan, identity, bent of mind, or course of conduct.[1] To be admissible, the independent act must be sufficiently similar to the crime for which the defendant is on trial.[2] In determining if an independent act is sufficiently like the current crime, a court must focus on the similarities of the occurrences rather than their differences.[3]

Here, both Archie's prior armed robbery and the current one are alike in that both took place at convenience stores, both started in the respective store's parking lot, both were accomplished by the threat of a gun, both involved female victims who were alone, and both times Archie wore dark clothing. While there are some differences between the two armed robberies, it is not required that the crimes be identical in every respect.[4] Contrary to Archie's complaint, his prior armed robbery is sufficiently similar to the current armed robbery so that it was admissible to show his motive, intent, plan,

---

[1] *Cole v. State*, 216 Ga. App. 68, 70 (1) (453 SE2d 495) (1995).
[2] Id.
[3] *Guild v. State*, 236 Ga. App. 444, 445 (2) (512 SE2d 343) (1999).
[4] *Davis v. State*, 226 Ga. App. 83, 87 (3) (485 SE2d 508) (1997).

bent of mind, and course of conduct.[5] The trial court therefore did not err in admitting evidence of that prior crime.

As for the alleged incident in the jail, the only similarity between it and the current offense is that both involved forcible thefts. But, unlike the current armed robbery, the in-jail theft did not involve a weapon, was not against a female victim, and occurred in a completely different setting. In essence, both incidents are merely the same sort of crime — robbery — which is not a sufficient similarity to permit the admission of evidence of the independent act.[6] The trial court thus erred in allowing the state to introduce evidence of the alleged theft in the jail.

Nevertheless, we find that the court's error was harmless. Given the overwhelming physical evidence connecting Archie to the crime, coupled with the properly admitted evidence of his prior conviction for a similar crime, we find it highly improbable that the evidence of his in-jail theft contributed to the guilty verdict.[7] Accordingly, we uphold the trial court's judgment.

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED MAY 17, 2001

*Sutton & Slocumb, Howard B. Slocumb*, for appellant.

*Robert B. Ellis, Jr., District Attorney, Ellen S. Golden, James M. Walker III, Timothy L. Eidson, Assistant District Attorneys*, for appellee.

---

[5] See *Murray v. State*, 269 Ga. 871, 874 (2) (505 SE2d 746) (1998); *Davis*, supra at 86-87 (3).

[6] See *Ricks v. State*, 217 Ga. App. 666, 667 (1) (458 SE2d 862) (1995) (unarmed robbery by snatching not sufficiently similar to in-home armed robbery).

[7] See *Richards v. State*, 222 Ga. App. 853, 856 (3) (476 SE2d 598) (1996).