## A05A1569. CHARBONNEAU v. THE STATE.
### (621 SE2d 514)

ADAMS, Judge.

Scott Charbonneau appeals his conviction of robbery by intimidation and the denial of his motion for new trial. The sole issue on appeal is whether a defendant must provide prior notice of an alibi defense under OCGA § 17-16-5 (a) when the defendant is the sole party testifying to the alibi.

Charbonneau was arrested for the robbery of a sandwich shop in Fayetteville that occurred on January 16, 2002. During the course of the investigation, he made a statement to a detective referencing an alibi. The detective investigated the claim and concluded that it was not credible. On August 12, 2002, pursuant to OCGA § 17-16-5 (a), the State served Charbonneau with a written demand for notice of intention to offer an alibi defense; Charbonneau did not respond.

At trial, when Charbonneau began to testify that he was working in Kennesaw on the day of the crime, the State objected on the grounds that he was barred from establishing an alibi defense, even by his own testimony, due to his failure to provide the requested notice. The trial court granted the motion and limited Charbonneau to testifying that he had never been to the Fayetteville shop where the crime occurred. The case proceeded, and Charbonneau was found guilty of robbery by intimidation.

The trial court erred in prohibiting Charbonneau from testifying about his alibi defense. OCGA § 17-16-5 (a) provides that upon written demand by the State a defendant has ten days to provide written notice of an alibi defense. But the Supreme Court has held that a defendant is not required "to give notice to the State of any alibi testimony he might give at trial on his own behalf." *Johnson v. State*, 272 Ga. 468, 469 (1) (a) (532 SE2d 377) (2000). Furthermore, as shown

above, the State was already aware that Charbonneau claimed to be elsewhere on the day of the crime.

Given that Charbonneau was linked to the crime only by witness identifications at a photo lineup, we cannot say that the error was harmless. See generally *Brodes v. State*, 279 Ga. 435, 440 (614 SE2d 766) (2005) (commenting on the fact that identification testimony is not always reliable).

*Judgment reversed. Smith, P. J., and Ellington, J., concur.*

DECIDED SEPTEMBER 13, 2005 —

*Walter M. Chapman*, for appellant.
*William T. McBroom, District Attorney, Cindy L. Spindler, Assistant District Attorney*, for appellee.