S06G0215. THE STATE v. CHARBONNEAU.
(635 SE2d 759)

HINES, Justice.

This Court granted certiorari to the Court of Appeals in *Charbonneau v. State*, 275 Ga. App. 495 (621 SE2d 514) (2005), to consider two questions: (1) whether a criminal defendant, whose own testimony will constitute the sole evidence in support of an alibi defense, is nevertheless required to file a written notice in response to the State's timely written demand for notice of intention to offer an alibi

defense under OCGA § 17-16-5 (a),[1] even though the defendant need reveal in the notice only the information the statute requires the notice to contain; and (2) where a defendant's own testimony will constitute the sole evidence in support of an alibi defense, is the written notice in OCGA § 17-16-5 (a) required in response to the State's demand in those situations where the State is already aware that the defendant claimed to be elsewhere on the day of the crime. For the reasons which follow, we answer both questions in the affirmative.

The relevant facts are outlined in the opinion by the Court of Appeals. Scott Charbonneau was arrested for the robbery of a sandwich shop in Fayetteville. During the investigation, he made a statement to a detective referencing an alibi. After investigating such claim, the detective concluded that it was not credible. Pursuant to OCGA § 17-16-5 (a), the State served Charbonneau with a written demand for notice of intention to offer an alibi defense, and Charbonneau did not respond. At trial, when Charbonneau began to testify that he was working in Kennesaw on the day of the crime, the State objected on the ground that he was barred from establishing an alibi defense, even by his own testimony, because of his failure to provide the requested notice. The trial court limited Charbonneau to testifying that he had never been to the shop where the crime occurred. Charbonneau was found guilty of robbery by intimidation. He appealed his conviction and the denial of his motion for new trial to the Court of Appeals. The Court of Appeals reversed after concluding that the trial court erred in prohibiting Charbonneau from testifying about his alibi defense. It based its holding on this Court's decision in *Johnson v. State*, 272 Ga. 468, 469 (1) (a) (532 SE2d 377) (2000), and its finding that the State was already aware that Charbonneau claimed to be elsewhere on the day of the crime. *Charbonneau v. State*, supra at 495-496.

The Court of Appeals has misapplied *Johnson v. State* to the facts of this case. OCGA § 17-16-5 (a) states in relevant part that "[u]pon written demand by the prosecuting attorney . . . , the defendant shall

---

[1] OCGA § 17-16-5 (a) provides in full:

Upon written demand by the prosecuting attorney within ten days after arraignment, or at such time as the court permits, stating the time, date, and place at which the alleged offense was committed, the defendant shall serve within ten days of the demand of the prosecuting attorney or ten days prior to trial, whichever is later, or as otherwise ordered by the court, upon the prosecuting attorney a written notice of the defendant's intention to offer a defense of alibi. Such notice by the defendant shall state the specific place or places at which the defendant claims to have been at the time of the alleged offense and the names, addresses, dates of birth, and telephone numbers of the witnesses, if known to the defendant, upon whom the defendant intends to rely to establish such alibi unless previously supplied.

serve . . . upon the prosecuting attorney a written notice of the defendant's intention to offer a defense of alibi." Thus, the plain language of the statute required Charbonneau to give notice of his alibi defense even if he was the only witness planning to testify to such defense. The holding in *Johnson v. State* does not alter the statutory mandate.

In *Johnson*, unlike the present case, the defendant responded to the State's written demand for notice of any alibi defense and indicated that he would be the only possible witness in support of that defense. Consequently, the salient issue was not whether the defendant was required to give notice in response to the State's demand for notice of intention to offer an alibi defense under OCGA § 17-16-5 (a), but rather whether the defendant had to disclose the substance of his alibi testimony prior to trial. And certainly he did not. *Johnson v. State*, supra. But this is a far cry from interpreting the statutory provision as exempting the defendant from giving the State any notice at all of the intent to offer a defense of alibi.

To obviate the need for the statutorily-required notice contravenes the very purpose of Georgia's Criminal Procedure Discovery Act ("Act"), OCGA § 17-16-1 et seq., which is

> to establish a closely symmetrical scheme of discovery in criminal cases that maximizes the presentation of reliable evidence, minimizes the risk that a judgment will be predicated on incomplete or misleading evidence, and fosters fairness and efficiency in criminal proceedings.

(Citation and punctuation omitted.) *State v. Dickerson*, 273 Ga. 408, 410 (542 SE2d 487) (2001). Certainly, fairness or efficiency in the trial of a criminal case is not promoted by permitting a defendant to surprise the State at trial with a claim of alibi. The need for a defendant to provide notice under OCGA § 17-16- 5 (a) exists even in the situation, like the present, in which the State ostensibly is already aware that the defendant is claiming to be elsewhere on the day of the crime. The fact of prejudice to the State, or lack thereof, or the availability of other remedies is irrelevant. This is so because the statute provides no exception for such prior knowledge, and because common sense dictates that the mere claim to be elsewhere when confronted by authorities, as in this case, is a far cry from intending to present the legal defense of alibi. See OCGA § 16-3-40.[2]

---

[2] OCGA § 16-3-40 provides:
The defense of alibi involves the impossibility of the accused's presence at the scene of the offense at the time of its commission. The range of the evidence in respect to time and place must be such as reasonably to exclude the possibility of presence.

Finally, contrary to Charbonneau's contention, requiring a defendant to give the statutory notice does not impinge upon, much less eviscerate, a defendant's Sixth Amendment right to testify effectively in his defense. As already noted, a defendant is obligated to provide only the information that OCGA § 17-16-5 (a) requires the notice to contain, and not the substance of the defendant's alibi testimony. *Johnson v. State*, supra at 469 (1) (a). What is more, OCGA § 17-16-5 (a), is part and parcel of the Act's required pretrial disclosures in a reciprocal discovery process, and the fact that such discovery is before trial is of no constitutional significance because " '[t]he Sixth Amendment does not confer the right to present testimony free from the legitimate demands of the adversarial system.' " *State v. Lucious*, 271 Ga. 361, 364 (3) (518 SE2d 677) (1999).

It should not be lost sight of that a defendant does not have to participate in the discovery procedures of OCGA § 17-16-1 et seq. But if a defendant, like Charbonneau, chooses to do so, he cannot reap the benefits of reciprocal discovery and then ignore its obligations.

*Judgment reversed. All the Justices concur, except Hunstein, P. J., and Benham, J., who dissent.*

BENHAM, Justice, dissenting.

Contrary to the holding of the majority, it was not the Court of Appeals which misapplied this Court's decision in *Johnson v. State*, 272 Ga. 468 (1) (a) (532 SE2d 377) (2000), but the majority which does so in this case. The salient issue on which *Johnson* was decided was not, as the majority asserts, whether the defendant had to disclose the substance of his alibi testimony prior to trial, but whether Johnson was required to *give notice* to the State of any alibi testimony he might give at trial on his own behalf. This Court unanimously ruled that he did not because the statute relied upon by the majority in this case was inapplicable to the alibi testimony of a defendant, overruled a prior decision by the Court of Appeals to the contrary (*Todd v. State*, 230 Ga. App. 849 (498 SE2d 142) (1998)), and reversed Johnson's conviction. Today, however, the majority ignores that holding and, without overruling *Johnson*, declares a diametrically opposed rule.

The ruling of the majority, in addition to violating the principle of stare decisis, elevates form over function by requiring a defendant to give the State information it already has. It is evident from the statement of facts that Charbonneau told the investigating officer enough of the substance of his alibi defense to permit that officer to determine it lacked credibility.

In a case such as the present, where the only question is whether a defendant is required to *give notice* of an alibi defense of which the State is already aware and which it has already investigated, the

"common sense" approach would not require the useless act of disclosure, would not limit the defendant in his own testimony from testifying he was where he told the investigator he was when the crime was convicted, and would not require the distortion of a prior decision of this Court. Because the majority opinion defies both common sense and unanimous precedent from this Court, I must dissent.

I am authorized to state that Presiding Justice Hunstein joins this dissent.

DECIDED OCTOBER 2, 2006.

*Scott L. Ballard, District Attorney, Cindy L. Spindler, Assistant District Attorney*, for appellant.
*Walter M. Chapman*, for appellee.