A07A2270. REEVES v. THE STATE.
(654 SE2d 449)

BLACKBURN, Presiding Judge.

Following a jury trial, Norris Reeves appeals his conviction of terroristic threats[1] and obstructing or hindering a law enforcement officer,[2] contending that the evidence was insufficient to support the jury's verdict. We disagree and affirm.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict and an appellant no longer enjoys the presumption of innocence. This Court determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*[3] and does not weigh the evidence or determine witness credibility. Any conflicts or inconsistencies in the evidence are for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, we must uphold the jury's verdict.

(Citations omitted.) *Rankin v. State.*[4] "The standard of *Jackson v. Virginia* is met if the evidence is sufficient for any rational trier of fact to find the defendant guilty beyond a reasonable doubt of the crime charged." *Donnell v. State.*[5]

So viewed, the evidence at trial showed that Reeves and his wife had been married for four years but had a history of domestic disputes requiring visits by police on at least twelve occasions. During one such dispute, police arrived at Reeves's residence to find Reeves yelling, cursing, and uncooperative. After interviewing both Reeves and his wife, police handcuffed and arrested Reeves, who resisted the officer's attempts to move him to the patrol car and refused to get in the car, physically struggling with two officers. After the officers forced him into the patrol car, Reeves looked directly at his wife and

[1] OCGA § 16-11-37 (a).
[2] OCGA § 16-10-24 (a).
[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[4] *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004).
[5] *Donnell v. State*, 285 Ga. App. 135 (1) (645 SE2d 614) (2007).

screamed "You f--king bitch, I will kill you when I get out of jail." Both Reeves's wife and an arresting officer testified as to clearly hearing Reeves's threat.

Reeves was charged with two counts of aggravated assault[6] (based on his wife's allegations that Reeves threatened her with a knife and a lava lamp before police arrived), two counts of terroristic threats, and one count of obstructing an officer. Following a trial, a jury found Reeves not guilty of the aggravated assault charges and one terroristic threat charge, and returned a guilty verdict as to the other terroristic threat charge and the obstruction charge. After Reeves's motion for new trial was denied, he filed this appeal.

Reeves contends that his threat to kill his wife upon his release from jail is not, as a matter of law, a terroristic threat, because (i) he made the statement while handcuffed in the back of a patrol car, without a present ability to kill his wife, and (ii) he made the statement on a conditional basis evincing no present intent to do violence toward his wife. However, in *Jackson v. State*,[7] a post-arrest statement very similar to Reeves's, specifically that "I'm going to kill her when I get out . . . you might as well get a cell ready because I'm going to kill her," was held to be sufficient evidence of a terroristic threat. (Punctuation omitted.) See also *In the Interest of J. L. W.*[8] ("[a]nd when you go to court, . . . I'm going to make sure I kill you"). Similarly, this Court has found that a threat of future violence against an absent third party is sufficient to support a conviction of terroristic threat. See *Shepherd v. State*[9] (defendant stated that "he was going to stomp Joe's butt when he saw him") (punctuation omitted). Likewise, in *Todd v. State*,[10] we held that, "depending on the facts of a case, harassing telephone calls may be an included offense of terroristic threats." See *Drew v. State*[11] (upholding conviction for telephoned threat to kill "[i]f you get a warrant on me") (punctuation omitted). Thus, a defendant need not have the immediate ability to carry out the threat to violate OCGA § 16-11-37 (a). Accordingly, we find that the statement made by Reeves, as independently heard and recounted in court by two witnesses, was sufficient to support a conviction of terroristic threats.

*Judgment affirmed. Ruffin and Bernes, JJ., concur.*

---

[6] OCGA § 16-5-21 (a) (2).

[7] *Jackson v. State*, 270 Ga. 494, 495-496 (1) (512 SE2d 241) (1999).

[8] *In the Interest of J. L. W.*, 213 Ga. App. 630 (445 SE2d 575) (1994).

[9] *Shepherd v. State*, 230 Ga. App. 426 (496 SE2d 530) (1998).

[10] *Todd v. State*, 230 Ga. App. 849, 850 (1) (498 SE2d 142) (1998), overruled on other grounds, *Johnson v. State*, 272 Ga. 468, 469 (1) (a), n. 2 (532 SE2d 377) (2000).

[11] *Drew v. State*, 256 Ga. App. 391, 392 (1) (568 SE2d 506) (2002).

DECIDED NOVEMBER 21, 2007.

*Wystan B. Getz*, for appellant.
*Daniel J. Porter, District Attorney, Richard A. Vandever, Assistant District Attorney*, for appellee.