A00A1275. FREEMAN v. THE STATE.

(537 SE2d 776)

Smith, Presiding Judge.

Kenneth Freeman was convicted by a jury on charges of aggravated assault, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. His motion for new trial was denied, and he appeals. We find no error, and we affirm.

1. Freeman contends the evidence was insufficient to convict him. We do not agree. The victim unequivocally identified Freeman as the man who drove up beside his car, asked him who he had just visited, and shot at the victim, damaging the victim's car, after the victim told him the name of the woman whose home he had just left. One of the occupants of the home, the mother of the woman visited by the victim, testified that a man she recognized as Freeman called her home shortly after he had left and told her he had "shot the guy [who] just left my house." Although this witness testified during the hearing on Freeman's motion for new trial that she was no longer 100 percent certain that the caller was Freeman, the victim's testimony alone was sufficient to convict Freeman. See, e.g., *McDowell v. State*, 239 Ga. App. 667, 670 (2) (522 SE2d 44) (1999).

2. Freeman contends the trial court erred in granting the State's oral motion in limine to exclude the testimony of an alleged alibi witness. On the morning of trial, defense counsel informed the trial court that although he had "been appointed for some time" on Freeman's case and had "talked to him a number of times," just the day before Freeman first told him about an "alleged alibi witness." According to defense counsel, this witness would have testified that on the date of the incident at issue, Freeman was with her at the hospital. The prosecutor pointed out, and the record shows, that the State had presented defense counsel a written demand pursuant to OCGA § 17-16-5 (a) for notice of alibi witnesses nearly a year before trial. The State moved in limine to prevent the witness's testimony on the ground that it would be prejudicial.

Before ruling on the State's motion, the court instructed the prosecutor to talk with the witness to "find out, if, in fact, it truly prejudices the State's case." Upon doing so, the prosecutor stated that

the witness told him she was in the hospital on the date of the incident,[1] "[t]hat she was there for five and a half days and that the Defendant was with her around the clock, twenty-four hours a day." The prosecutor argued that if he had learned about this witness "in a timely fashion," he would have tried to verify this alleged testimony with witnesses from the hospital but that he could not "do that at this point." The court granted the State's motion to exclude the witness's testimony.

We find no error. Under OCGA § 17-16-6, a trial court may prohibit a defendant from presenting a witness not properly disclosed, "upon a showing of prejudice and bad faith." Freeman presumably knew about the alleged alibi witness but failed to disclose her name to defense counsel until the day before trial, and the only excuse defense counsel offered for Freeman's failure to notify him of the witness was that Freeman had "been in the system." Prejudice to the State in such a circumstance is clear: "[T]he [S]tate is denied the ten days authorized by law in which to investigate and refute the alleged alibi, and the development of such evidence is clearly hampered, if not rendered impossible." *Todd v. State*, 230 Ga. App. 849, 854 (3) (b) (498 SE2d 142) (1998), overruled on other grounds, *Johnson v. State*, 272 Ga. 468 (532 SE2d 377) (2000). Freeman had nearly a year before trial in which to inform his attorney about the existence of the alleged alibi witness, and he offered no justification or valid excuse for his failure to do so. Under these circumstances, evidence was presented authorizing a finding that Freeman acted in bad faith and that his actions prejudiced the State. We therefore cannot say the trial court abused its discretion in granting the State's motion in limine. See *Todd*, supra; *Davis v. State*, 226 Ga. App. 83, 84-85 (1) (485 SE2d 508) (1997).

3. In his final enumeration of error, Freeman contends the prosecutor made improper reference in closing argument to the fact that Freeman "may get prison time or probation." A review of the transcript shows that the prosecutor did not violate OCGA § 17-8-76 (a), which prohibits argument that a defendant may not suffer the full penalty imposed by law as a result of being pardoned or paroled or receiving other clemency. The transcript clearly shows that the prosecutor simply argued to the jury that it was *not* to consider punishment, including whether Freeman received "prison time or probation." The prosecutor also argued to the jury that if any juror attempted to consider such matters, that juror should be reported to the court. We find no merit in this contention. See generally *Berrian*

---

[1] The prosecutor stated that the witness told him she was in the hospital during the week "that the 8th fell on." Presumably, this is a reference to the date of the incident at issue here.

*v. State*, 139 Ga. App. 571, 572-573 (1) (228 SE2d 737) (1976). *Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED JULY 27, 2000.

*Ellis R. Garnett*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.