A05A0043. CARD v. THE STATE.
(615 SE2d 139)

BARNES, Judge.

A jury convicted Stephen Wayne Card of two counts of aggravated assault on a police officer and one count of theft by receiving a stolen automobile. Card appeals, contending that insufficient evidence supports his convictions. He also asserts that the court erred by admitting evidence of a similar transaction and by refusing to allow Card to call a witness about whom the State was not given notice, and that his trial counsel was ineffective by failing to object to the admission of the similar transaction evidence when the State offered it at trial. For the reasons that follow, we affirm Card's convictions.

1. We view the evidence on appeal in the light most favorable to the verdict, and no longer presume the defendant is innocent. We do not weigh the evidence or decide the witnesses' credibility, but only determine if the evidence is sufficient to sustain the convictions.

*Taylor v. State,* 226 Ga. App. 254, 255 (485 SE2d 830) (1997). We construe the evidence and all reasonable inferences from the evidence most strongly in favor of the jury's verdict. *Sims v. State,* 226 Ga. App. 116 (1) (486 SE2d 365) (1997).

Viewed in that light, the evidence at trial established that several Macon police officers responded to a call about an automobile burglary in progress. While en route, they received an update that the car was a burgundy Oldsmobile-type with two black males in it. The first officer to arrive on the scene turned the corner onto a dead-end street and saw a burgundy Buick Regal a block away driving toward the dead-end. The car turned around and its headlights went off. The officer turned on his blue lights and saw two black males inside the car, which then accelerated rapidly and came straight toward his car. To avoid a head-on collision, the officer was forced up onto the curb, damaging the rear wheel, which had to be replaced.

When the second officer turned onto the dead-end street with his blue lights flashing, he saw a car coming toward him with its lights off at a high rate of speed. The first officer swerved to avoid a collision, and the second officer drove up onto the curb to avoid being hit head-on.

These officers and two others began chasing the car. The driver was wearing a dark shirt, and the passenger was wearing a white t-shirt that he appeared to be trying to remove. The passenger also opened his car door several times during the chase, as if he wanted to get out. The first officer's "take-down" and bright lights were on during the three-minute chase, illuminating the inside of the fleeing vehicle, and the officer never lost sight of the car.

The driver finally crashed the car into a fence, and the occupants had left the car by the time the first officer reached it. When he got to the car, the passenger was gone and the officer began to chase the driver, who he had been watching closely and who was running toward the woods. He caught the driver, who was wearing a dark shirt, and identified him at trial as Card. The officers found several amplifiers and CD players in the car, but no white shirt. The car's steering column was broken and wires were hanging loose in the car, but Card, who claimed to be the passenger, not the driver, said he did not notice any loose wires or small electronic devices in the car. He also said he told the police the driver was "Carlos," a street name, but had no opportunity to tell them the driver's real name.

We conclude that the evidence as outlined above was sufficient for a rational trier of fact to find Card guilty beyond a reasonable doubt of two counts of aggravated assault and one count of theft. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Card also contends that the trial court erred in admitting evidence of a previous conviction as a similar transaction, arguing

that the earlier offense was not similar to the one for which he was on trial, and that its prejudicial impact outweighed its probative value. In a related enumeration, he contends his trial counsel was ineffective because he failed to object to the similar transaction testimony when it was offered at trial, thus waiving his right to argue the issue on appeal.

If the trial court did not err in admitting the evidence, then Card concedes that it also did not err in finding that trial counsel was not ineffective for failing to object to the evidence. *Mika v. State*, 256 Ga. App. 546, 551 (7) (568 SE2d 818) (2002).

We will reverse a trial court's decision to admit evidence of a similar transaction only if the court has abused its discretion. *Mangham v. State*, 234 Ga. App. 567, 569 (1) (507 SE2d 806) (1998). After a hearing pursuant to Uniform Superior Court Rule 31.3 (B), the trial court must determine whether the State has shown three things: (1) that it seeks to introduce evidence of the independent offense for an appropriate purpose and not to show the defendant's bad character; (2) that sufficient evidence establishes that the accused committed the independent offense; and (3) that a sufficient connection or similarity exists between the independent offense and the crime charged, so that proof of the former tends to prove the latter. *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991).

"The test . . . is not the number of similarities between the two incidents. Rather, such evidence may be admitted if it is substantially relevant for some purpose other than to show a probability that the defendant committed the crime on trial because he is a man of criminal character." (Citation and punctuation omitted.) *Maggard v. State*, 259 Ga. 291, 293 (2) (380 SE2d 259) (1989). If the purpose of the similar transaction evidence is to prove the defendant's identity, then "a long list of similarities between or among the crimes might be necessary to show that the crime on trial bears the defendant's 'criminal signature.' " Id. (evidence defendant committed prior manslaughter admissible in murder trial). Other purposes may be appropriate, such as those that

> demonstrate that the independent offense or act: is one of a system of mutually dependent crimes; or is evidence of guilty knowledge; or may bear upon the question of the identity of the accused, or articles connected with the offense; or is evidence of prior attempts by the accused to commit the same crime upon the victim of the offense for which he stands charged; or where it tends to prove malice, intent, motive, or the like, if such an element enters into the offense charged.

(Citation and punctuation omitted.) *Williams v. State*, supra, 261 Ga. at 642, n. 2.

At the similar transaction hearing in this case, the State presented the testimony of a police officer who stopped a car full of people in March 1999 after the driver, Card, committed a traffic violation. When the officer gave dispatch Card's name, a possible outstanding warrant came up. The officer tried to arrest him, but Card picked the officer up and threw him to the ground, knocking him unconscious. When the officer awoke, Card was gone, but the car and the passengers in it were still there. Card subsequently pled guilty in this similar transaction to felony obstruction of a law enforcement officer.

The trial court found that the similar transaction was admissible because (1) it was offered for an appropriate purpose, to show motive, intent, or bent of mind; (2) Card clearly committed the prior offense; and (3) the prior offense was similar enough so that the proof of the former tended to prove the pending matter and the relevancy outweighed the prejudicial effect.

As the court noted at the pre-trial hearing, in both incidents Card was driving a car, law enforcement attempted to stop him, he assaulted the officers either by fighting or using the automobile as a weapon, and he fled the scene after the assault. Before the similar transaction witness testified at trial, the court gave the jury a proper limiting instruction. Based on these facts, the trial court did not abuse its discretion by admitting evidence of the similar transaction. Further, because we find that the trial court did not err in this regard, it also did not err in finding that his trial counsel was not ineffective for waiving his right to argue the issue on appeal. *Mika v. State*, supra, 256 Ga. App. at 551.

3. Card's final argument is that the trial court erred because it would not allow him to call a defense witness that he identified on August 11, 2003, the day trial began. The State had filed its list of witnesses and request for reciprocal discovery on June 13, 2003, and Card was required to give the State his list of witnesses within ten days. OCGA § 17-16-8. Because Card failed to comply with this requirement, the trial court could "upon a showing of prejudice and bad faith, prohibit the defendant from . . . presenting the witness not disclosed." OCGA § 17-16-6. Card argues that the court failed to find that his trial lawyer acted in bad faith.

During the initial colloquy regarding this witness, the defense counsel told the court that Card did not tell him about the witness, who was his girlfriend, until the Friday before trial began on Monday, and further did not give him the name of the person he claimed was driving until then. The trial court, speaking of Card, said, "You can't hide [witnesses] until the last minute and fail to disclose them until

the last minute." Defense counsel stated that Card's girlfriend would testify that, before Card was arrested, he left her house in a car that Card's friend was driving. The court then excluded the witness, ruling that because of the late notice, the State was prejudiced because it had no opportunity to question this witness and search for the friend who she said was driving, and also that the testimony would be cumulative of Card's testimony.

Card had several months before trial in which to inform his attorney about the existence of his witness, and he offered no justification or valid excuse for his failure to do so until three days before trial. "Under these circumstances, evidence was presented authorizing a finding that [Card] acted in bad faith and that his actions prejudiced the State. We therefore cannot say the trial court abused its discretion in granting the State's motion" to exclude the witness's testimony. *Freeman v. State*, 245 Ga. App. 384, 385 (2) (537 SE2d 776) (2000).

*Judgment affirmed. Ruffin, C. J., and Johnson, P. J., concur.*

DECIDED MAY 2, 2005 —
RECONSIDERATION DENIED MAY 23, 2005.

*Bernadette C. Crucilla*, for appellant.
*Howard Z. Simms, District Attorney, Eugene Felton, Jr., Assistant District Attorney*, for appellee.