S10A0239. HUCKABEE v. THE STATE.
(699 SE2d 531)

BENHAM, Justice.

Appellant Kevin Huckabee appeals his convictions stemming from the death of Jennifer Ross and the aggravated assault of Brett Finley.[1] On December 24, 2005, appellant and three others —

---

[1] On April 26, 2006, appellant was indicted with Michael Thorpe and Webster Wilson for the malice murder of Jennifer Ross, felony murder of Jennifer Ross based on aggravated assault with a deadly weapon, felony murder of Jennifer Ross based on aggravated assault with an intent to rob, felony murder of Jennifer Ross based on possession of a firearm by a convicted felon, aggravated assault with a deadly weapon of Brett Finley, aggravated assault with intent to rob Brett Finley, possession of a firearm during the commission of murder, possession of a firearm during the commission of an aggravated assault, and theft by receiving stolen property. The joint trial was conducted from December 8 to December 16, 2006, before a jury. Appellant was convicted of the felony murder of Jennifer Ross (aggravated assault with intent to rob), aggravated assault with intent to rob Brett Finley, and theft by receiving stolen property. He was acquitted of the other charges. Appellant was sentenced as a recidivist and received life in prison for the felony murder, twenty years to be served consecutively for aggravated assault, and ten years to be served consecutively for theft by receiving. Appellant moved for a new trial

Michael Thorpe ("Michael"),[2] Webster Wilson,[3] and Sean Thorpe ("Sean")[4] — were driving around downtown Savannah in a stolen Ford Taurus looking for people to rob when they decided to rob four people walking in Orleans Square. Sean testified that he and appellant were to retrieve the victims' wallets while Wilson and Michael held the victims at gunpoint. Appellant, however, never exited the car. During the robbery, Wilson pistol-whipped victim Brett Finley, causing the gun to fire. Wilson then pointed the gun in Finley's face demanding money. Upon hearing the first gunshot, two other victims, Lizzie Sprague and Brannen Miles, started to flee on foot. They eventually encountered a taxi cab and had the cab driver call police. The fourth victim Jennifer Ross refused to give up her purse and was shot by Michael.

Sean, who was relieving himself on a tree, started running as soon as he heard the first gunshot. By the second gunshot, all the perpetrators scattered and some of them rode away in the stolen Ford Taurus driven by appellant. Appellant picked up Sean a few blocks away from the crime scene. The men returned to the apartment complex where they usually fraternized and wiped down the car. Within days they also discarded their guns which were never recovered. About two or three days later, appellant gave the stolen Ford Taurus to someone in the neighborhood. About a week after the incident, Ms. Ross died from her injuries, and the matter became a homicide. Appellant was initially arrested for theft by receiving on January 14, 2006 and, while in jail for that charge, was charged with counts related to the aggravated assault and death of Ross and aggravated assault of Finley.

1. The evidence as summarized above was sufficient for a rational trier of fact to find appellant guilty beyond a reasonable doubt as a party to the crime of the felony murder of Jennifer Ross, aggravated assault with an intent to rob Brett Finley, and theft by receiving. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); OCGA § 16-2-20.

2. Appellant contends the trial court erred when it failed to strike several jurors and when the trial court improperly rehabili-

---

on January 2, 2007, and amended the motion on September 24, 2007, and on October 2, 2007. A hearing was held on November 19, 2007, and the motion for new trial was denied on August 15, 2008. Appellant filed a notice of appeal on September 11, 2008. The case was docketed to the January 2010 term and oral argument was had on February 9, 2010.

[2] This Court affirmed co-defendant Michael Thorpe's conviction in *Thorpe v. State*, 285 Ga. 604 (678 SE2d 913) (2009).

[3] This Court affirmed co-defendant Webster Wilson's conviction in *Wilson v. State*, 286 Ga. 141 (686 SE2d 104) (2009).

[4] Sean Thorpe became an informant and was not prosecuted pursuant to an immunity agreement.

tated one venire man. Appellant takes issue with the qualification of Jurors 12, 32, 34, 45, and 80, but at trial, appellant did not make any objection to the qualifications of Jurors 12 and 32, or to the rehabilitation of Juror 32. Therefore, any error in the qualification of Jurors 12 and 32 is not properly before this Court for review. *State v. Graham*, 246 Ga. 341, 343 (271 SE2d 627) (1980).

This Court has held that "[a]ny error regarding a prospective juror qualified 43rd or later on the panel is harmless. . . ." *Pope v. State*, 256 Ga. 195 (7) (345 SE2d 831) (1986), overruled on other grounds in *Nash v. State*, 271 Ga. 281 (519 SE2d 893) (1999). At the time *Pope* was decided it took "a qualified panel of 42 to select a jury (20 defense strikes plus ten state strikes plus 12 jurors)." Id. at 202. The Court reasoned that "[e]ven if the state uses all of its allotted strikes, a defendant simply cannot strike the 42nd juror. Either the jury will be selected before the 42nd juror is reached because the defendant saved a strike for that juror, or the 42nd juror will be seated after the defendant exhausts his strikes." Id. At the time appellant was tried, both the defense and the State were entitled to nine strikes each. OCGA § 15-12-165. Because there were multiple defendants, however, the trial court allowed three additional strikes for the State and the defense pursuant to OCGA § 17-8-4 (b). Therefore, under the rationale outlined in *Pope*, in this case it took a qualified panel of 36 (12 defense strikes plus 12 State strikes plus 12 jurors) to select a jury and any juror qualified beyond the 37th juror on the panel was harmless. Here, the jury was struck from a panel of 49 potential jurors and the 37th juror to be qualified was Juror 50. Therefore, any error in the qualification of Juror 80 was harmless as a matter of law. *Pope v. State*, supra, 256 Ga. at 202. As for Juror 45, this Court already determined her qualification was not erroneous in *Thorpe v. State*, 285 Ga. 604 (3) (c) (678 SE2d 913) (2009), and we see no reason to revisit that decision. Therefore, only the qualification of Juror 34 remains for review.

> Whether to strike a juror for cause lies within the sound discretion of the trial court. [Cit.] For a juror to be excused for cause, it must be shown that he or she holds an opinion of the guilt or innocence of the defendant that is so fixed and definite that the juror will be unable to set the opinion aside and decide the case based upon the evidence and the court's charge upon the evidence. [Cits.] A prospective juror's doubt as to his or her own impartiality does not demand as a matter of law that he or she be excused for cause. [Cit.] A conclusion on an issue of juror bias is based on findings of demeanor and credibility which are peculiarly in the trial court's province, and those findings are to be given deference. [Cit.]

*Hyde v. State*, 275 Ga. 693 (4) (572 SE2d 562) (2002). Appellant challenges the qualification of Juror 34 because her daughter attended the same school as the murder victim, her daughter went to the murder victim's memorial service, and because Juror 34 did not allow her daughter to go downtown where the victims were assaulted. However, the record reveals that neither Juror 34 nor her daughter knew the murder victim personally and that Juror 34 had a rule disallowing her daughter from visiting downtown before the events in this case took place. Also, Juror 34 testified she could be a fair and impartial juror. The trial court did not err in qualifying Juror 34.

3. Appellant contends the trial court erred when it failed to allow him to present his defense of alibi. We disagree. OCGA § 17-16-5 (a) provides that:

> Upon written demand by the prosecuting attorney within ten days after arraignment, or at such time as the court permits, stating the time, date, and place at which the alleged offense was committed, the defendant shall serve within ten days of the demand of the prosecuting attorney or ten days prior to trial, whichever is later, or as otherwise ordered by the court, upon the prosecuting attorney a written notice of the defendant's intention to offer a defense of alibi. Such notice by the defendant shall state the specific place or places at which the defendant claims to have been at the time of the alleged offense and the names, addresses, dates of birth, and telephone numbers of the witnesses, if known to the defendant, upon whom the defendant intends to rely to establish such alibi unless previously supplied.

Appellant filed notice of the alibi evidence on December 1, 2006, three days before trial was scheduled to commence, and identified appellant's mother and brother as alibi witnesses. While voir dire was proceeding, appellant made the alibi witnesses available to the State; however, appellant's brother refused to answer the questions of the State's investigators. The State requested the alibi evidence and witnesses be excluded as untimely. The trial court excluded the evidence pursuant to OCGA § 17-16-6,[5] finding there was prejudice

---

[5] OCGA § 17-16-6 provides as follows:

If at any time during the course of the proceedings it is brought to the attention of the court that the state has failed to comply with the requirements of this article, the court may order the state to permit the discovery or inspection, interview of the witness, grant a continuance, or, upon a showing of prejudice and bad faith, prohibit the state from introducing the evidence not disclosed or presenting the witness not

and bad faith on the part of appellant for failure to timely come forward with his alibi evidence.

Appellate courts in this state have held that the prosecution is prejudiced when it does not have the full ten days to investigate alibi evidence. *Freeman v. State*, 245 Ga. App. 384, 385 (2) (537 SE2d 776) (2000); *Todd v. State*, 230 Ga. App. 849, 854 (3) (b) (498 SE2d 142) (1998), overruled on other grounds in *Johnson v. State*, 272 Ga. 468 (532 SE2d 377) (2000). Here, the State had notice of the alibi just three days before the start of trial. Although appellant made his alibi witnesses available, at least one witness was uncooperative, further prejudicing the State. When the State " 'is denied the ten days authorized by law in which to investigate and refute the alleged alibi, . . . the development of such evidence is clearly hampered if not rendered impossible.' [Cit.]" *Freeman v. State*, supra, 245 Ga. App. at 385. During the ten or eleven months between the time appellant was jailed and the days immediately preceding trial, he never advised his attorneys he had an alibi, and none of his proposed alibi witnesses came forward to say appellant was somewhere else at the time of the crime. Furthermore, appellant provided no justification or valid excuse for his failure to disclose his alibi at an earlier time. Under these circumstances, appellant's failure to timely come forward with his alibi defense constituted prejudice and bad faith warranting the exclusion of his alibi evidence. See *Card v. State*, 273 Ga. App. 367 (3) (615 SE2d 139) (2005) (defendant's failure to reveal a witness to his attorney or to the court until a few days before trial commenced supported the exclusion of the witness's testimony). Accordingly, the trial court did not abuse its discretion when it excluded appellant's alibi evidence, including the testimony of his alibi witnesses.[6]

4. Appellant contends the trial court erred when it failed to give certain jury instructions. Specifically, appellant argues the trial court erred when it refused to give a charge on "accessory after the fact," refused to give a charge on "mere presence," gave the pattern charge

---

disclosed, or may enter such other order as it deems just under the circumstances. If at any time during the course of the proceedings it is brought to the attention of the court that the defendant has failed to comply with the requirements of this article, the court may order the defendant to permit the discovery or inspection, interview of the witness, grant a continuance, or, upon a showing of prejudice and bad faith, prohibit the defendant from introducing the evidence not disclosed or presenting the witness not disclosed, or may enter such other order as it deems just under the circumstances. The court may specify the time, place, and manner of making the discovery, inspection, and interview and may prescribe such terms and conditions as are just.

[6] Pretermitting whether the trial court affirmatively allowed or permitted the State to file its alibi demand more than ten days after appellant's arraignment, the matter is not preserved for review because appellant did not raise the timeliness of the State's demand to the trial court. *White v. State*, 271 Ga. 130 (3) (518 SE2d 113) (1999).

for "immunity or leniency granted a witness" rather than his requested charge on informant testimony, and refused to give a charge on alibi. For the reasons below, the trial court did not err.

(a) A defendant cannot be both a party to a crime and an accessory after the fact. *Vergara v. State*, 287 Ga. 194 (3) (a) (695 SE2d 215) (2010). The crime of being an accessory after the fact is not included within a charge for murder, but is a separate offense in the nature of obstruction of justice. Id. Since appellant was not charged with being an accessory after the fact, the trial court did not err when it refused to give a charge on accessory after the fact.

(b) A trial court does not err in refusing to give a requested charge when the evidence at trial does not support it. *Sullivan v. State*, 284 Ga. 358 (4) (667 SE2d 32) (2008). The evidence elicited at trial did not support a charge on mere presence because appellant took an active role in the crime: appellant drove his co-defendants to the crime scene with the intent to rob, he turned off the car's lights to assist in accosting the victims by surprise, he drove his comrades away from the crime, and tried to get rid of the stolen car. See *Simmons v. State*, 282 Ga. 183 (14) (646 SE2d 55) (2007) (one who is actively engaged in the crime charged is not entitled to a jury instruction on mere presence).

(c) " 'A trial court's refusal to give a jury charge in the exact language requested by a defendant is not error if the charge given by the trial court substantially covers the applicable principles of law.' [Cit.]" *Stewart v. State*, 286 Ga. 669 (6) (690 SE2d 811) (2010). Here, the trial court gave the pattern charge for "immunity or leniency granted a witness" that appears in § 1.31.80 of the Council of Superior Court Judges of Georgia, Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (4th ed.), rather than appellant's requested version. Inasmuch as the pattern charge was a correct statement of the law, there was no error in giving this charge. Id.; *Saylers v. State*, 276 Ga. 568 (4) (580 SE2d 240) (2003).

(d) The evidence did not warrant an instruction on alibi. As set forth in Division 3, supra, the trial court properly excluded alleged evidence of an alibi and, at trial, the only evidence of an alibi was that a call was made from appellant's house to either the cell phone of Sean Thorpe or the cell phone of Webster Wilson at about the time the crime occurred. Sean Thorpe testified that appellant's mother was calling to locate appellant. The evidence proffered at trial was insufficient to warrant the trial court to give an instruction on alibi and so there was no error.

5. Appellant claims the trial court erred when it did not allow him to cross-examine Sean Thorpe about his involvement as a State's witness in a prior, unrelated murder trial. The trial court allowed testimony that the witness had testified in a prior murder

case under an immunity agreement, but would not allow defendant's counsel to go into the specific facts of the prior murder case because it was irrelevant. Because appellant did not make an objection on the record regarding the trial court's ruling on this issue, the matter is not preserved for this Court's review. *Pickney v. State*, 285 Ga. 458 (2) (678 SE2d 480) (2009).

6. Appellant contends that several jury charges were given in error. Each contention is addressed below.

(a) Appellant contends the trial court's charge on "accomplice testimony" was erroneous. We disagree. The trial court's instruction was taken directly from § 1.31.90 of the Council of Superior Court Judges of Georgia, Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (4th ed.). Although appellant contends there was no accomplice other than Sean Thorpe and that the language "the testimony of one accomplice may be supported by testimony of another accomplice," should not have been included, appellant's contentions are not borne out by the evidence at trial. Two witnesses other than Sean Thorpe were arguably accomplices to the theft of the Ford Taurus. Therefore, the trial court did not err.

(b) Appellant opines that the trial court erred when it gave the State's requested charge on "deliberate ignorance." Pretermitting whether the facts warranted a charge on deliberate ignorance,[7] any error was harmless in light of the overwhelming evidence of appellant's guilt.

(c) Appellant contends the trial court erred when it gave repetitive definitions for simple assault. Appellant was charged with four counts of aggravated assault. While instructing the jury, the trial court went through each of the four counts and defined all elements contained within each count, including assault. The trial court's repetitiveness was not error. See *Clark v. State*, 283 Ga. 234 (2) (a) (657 SE2d 872) (2008) (in the absence of an incorrect statement of the law, the mere repetition of a jury charge on aggravated assault did not constitute reversible error).

7. Appellant argues that the trial court erred when it denied his ineffective assistance of counsel claim. As the basis for this claim, appellant contends that his attorneys provided him ineffective assistance when they failed to timely serve notice of appellant's alibi evidence. At the motion for new trial hearing, appellant's attorneys testified that they discovered a theoretical alibi defense when search-

---

[7] "A deliberate ignorance instruction is appropriate when the facts support the inference that the defendant was aware of a high probability of the existence of the fact in question and purposely contrived to avoid learning all of the facts in order to have a defense in the event of a subsequent prosecution." *Perez-Castillo v. State*, 257 Ga. App. 633, 635 (572 SE2d 657) (2002) (quoting *United States v. Schlei*, 122 F3d 944, 973 (II) (D) (11th Cir. 1997)).

ing through phone records produced by the State in late November 2006. They talked with potential alibi witnesses and then gave notice of the alibi on December 1, 2006. Prior to that time, appellant's attorneys had no independent evidence of an alibi. The trial court determined that the attorneys' actions did not constitute deficient performance. The trial court's decision was not in error.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 5, 2010 —
RECONSIDERATION DENIED JULY 27, 2010.

*Steven L. Sparger*, for appellant.

*Spencer Lawton, Jr., District Attorney, Christine S. Barker, Assistant District Attorney, Thurbert E. Baker, Attorney General, David A. Zisook, Assistant Attorney General*, for appellee.