## S12A0155. FLOWERS v. THE STATE.
### (728 SE2d 196)

BENHAM, Justice.

Appellant Juan Flowers is appealing his convictions for the murder of Michael Williams and for possession of a firearm during the commission of a crime.[1]

1. Appellant contends the evidence was insufficient to convict him of malice murder and possession of a firearm during the commission of a crime. The evidence at trial showed that on the morning of March 14, 2007, the police, who were responding to a 911 call reporting a possible death, arrived at a vacant house in Fulton County, where they discovered Williams's dead body, still bleeding from several gunshot wounds. At trial, Derrick "Shorty D" Waller

---

[1] On June 19, 2007, appellant and Stanley "Pepe" Ward were indicted for malice murder, felony murder, aggravated assault, and possession of a firearm during the commission of a crime. Appellant was tried alone before a jury from October 22, 2007 to October 24, 2007. The jury found appellant guilty on all charges, and the trial court sentenced appellant to life imprisonment for malice murder and five years to be served consecutively for possession of a firearm during the commission of a crime. The aggravated assault charge merged into the malice murder charge, and the felony murder charge was vacated as a matter of law. Appellant filed a motion for new trial on November 20, 2008, and amended it on May 25, 2010. The trial court denied the motion for new trial in July 2010. The order denying the motion for new trial, however, was not served on appellant's counsel and so the trial court granted appellant's motion to file an appeal out-of-time on June 29, 2011. Appellant timely filed a notice of appeal, and the matter was docketed in this Court to the January 2012 term for a decision on the briefs.

testified that he made the anonymous 911 call which led officers to the scene. Waller said the day after the shooting, he flagged down a police officer and told the officer that he had information about the victim's murder. Waller testified that in the early morning hours of March 14, he and appellant Juan Flowers were using drugs. Flowers told Waller that he believed Williams was trying to "set [him] up." When Flowers began brandishing a gun and acting "weird," Waller told Flowers to leave. At around 5:30 a.m. that same morning, Waller left his apartment intending to sell drugs in the neighborhood.[2] As he was walking up the street, he saw a man named Bilal running from the vacant house. Based on his conversation with Bilal, Waller entered the house and discovered appellant and Stanley "Pepe" Ward holding a crying Williams at gunpoint and arguing with Williams over a drug debt. Waller said he pleaded with appellant to spare Williams's life by offering money and drugs, but appellant still shot Williams. After seeing appellant shoot Williams, Waller said he ran down the stairs, exited the back door of the house, and came to a stop in the yard. As he was running down the stairs, Waller testified that he heard "a lot" more gunshots being fired in the house. After Waller was able to get away from appellant and Ward, he went to a neighbor's house two doors from where the shooting took place to make the anonymous 911 call, the recording of which was played for the jury. The neighbor, who also testified at trial, stated that on the day before the shooting, she witnessed appellant and Williams having an argument over money. According to the testimony of the medical examiner, Williams died from gunshot wounds to his head and torso.

The evidence adduced at trial and summarized above was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Although appellant argues that Waller's eyewitness testimony was not credible because Waller was a drug addict, a felon, and possibly under the influence of drugs at the time the shooting took place, the jury was authorized to determine Waller's credibility as it saw fit. *Farris v. State*, 290 Ga. 323 (1) (720 SE2d 604) (2012) (The jury determines the credibility of witnesses.). The trial court did not err when it denied appellant's motion for a new trial.

2. Appellant contends the trial court erred when it refused to give his requested charge on mere presence. We disagree. A trial court need not give a charge that is unsupported by the evidence. *Crawford*

---

[2] Waller testified that he sold drugs in order to support his addiction to heroin. Waller also admitted that he was a convicted felon.

*v. State*, 288 Ga. 425 (3) (b) (704 SE2d 772) (2011). The evidence at trial showed that appellant pointed a gun at the victim and shot him during an argument over a drug debt. There was no evidence that appellant was merely present when the victim was shot. Since the uncontroverted evidence showed that appellant took an active part in the victim's death, there was no basis for the trial court to give a charge on mere presence. *Huckabee v. State*, 287 Ga. 728 (4) (b) (699 SE2d 531) (2010). Therefore, this enumeration of error cannot be sustained.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 29, 2012.

*Cromwell & Hibbert, Henry A. Hibbert*, for appellant.

*Paul L. Howard, Jr.*, District Attorney, *Paige Reese Whitaker, Lenny I. Krick*, Assistant District Attorneys, *Samuel S. Olens*, Attorney General, *Paula K. Smith*, Senior Assistant Attorney General, *Brittany N. Jones*, Assistant Attorney General, for appellee.