**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**February 18, 2014**

# In the Court of Appeals of Georgia

A13A1969. ALLEN v. THE STATE.

BOGGS, Judge.

A jury found Xavier Allen guilty on one count of theft by shoplifting for taking items of clothing from a department store.[1] Following the denial of his amended motion for new trial, Allen appeals, asserting that the evidence was insufficient, that the trial court erred in failing to give his requested instruction on mere presence, and erred in failing to exercise its discretion in sentencing him. Having reviewed these claims, we discern no error and affirm.

Construed to support the verdict, the evidence reveals that a loss prevention officer with the department store, through her camera monitoring station, observed

---

[1] The jury failed to reach a verdict on a second count of theft by shoplifting from three other stores.

a man walking around the men's clothing department "gathering clothes and kind of rolling them together and stacking them together" and then putting them inside a large store bag. She explained that the man "went to the floor with several items which is indicative usually of what shoplifters do. They go back to the row and they go to the floor and they put several items in a bag or in a purse or in their own clothing." The loss prevention officer called a deputy with mall security when she observed the man walking toward the store exit without paying for the items.

When the deputy arrived, he saw Allen "go out the door and . . . towards a vehicle." He explained that the loss prevention officer gave him a description of the clothing of the "unknown black male," but that he "knew exactly what individual she was talking about" because there were only a few people in the store that morning. By the time the deputy reached the door, Allen "was already standing between two vehicles as though he was trying to get into the car. At that point [the deputy] told him, 'Stop, I need to talk to you.'" Allen "then walked away from the vehicle and started toward . . . the wood line which is the outskirts of the main road that goes around the . . . [m]all." The deputy explained that Allen had a "pretty good lead" on him.

An off-duty sergeant with the sheriff's office was in the mall parking lot with his son when he observed the deputy "chasing a gentleman out of the mall at [the department store]. The guy runs right up to my truck. So I got out and said, 'Sheriff's Office, get on the ground.'" Allen complied and was placed in handcuffs. He was carrying a bag from the department store that contained clothing valued at $523.98 but no store receipt. The store surveillance video was played for the jury.

1. Allen argues that the evidence is insufficient because "[t]here was no direct testimony from any employee of [the department store] which identified [him] as the individual depicted in the video." He argues further that there was no business record to show that the items had not been purchased, and the fact that the items were found in a bag near him does not establish that he shoplifted.

When reviewing the sufficiency of the evidence,

the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal

3

conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution.

(Citations and footnote omitted; emphasis in original.) *Jackson v. Virginia*, 443 U.S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

The evidence showed: a person was observed on the store video monitoring system putting several items in a bag; the person then walked out of the store without paying for the items; when told to "stop" the person, identified as Allen, fled toward a wood line; and when apprehended he had in his possession a store bag containing several items from the store with price tags attached and no receipt. This evidence is sufficient to sustain Allen's conviction for shoplifting. See *Agony v. State*, 226 Ga. App. 330, 331-332 (2) (486 SE2d 625) (1997) (flight is circumstantial evidence of consciousness of guilt; unexplained recent possession of stolen goods supports inference that accused committed theft); see also *Ekanger v. State*, 279 Ga. App. 421, 422-423 (631 SE2d 459) (2006) (evidence overwhelming where shoplifting witnessed in person and on video camera and video played for jury).

2. Allen contends that the court erred in failing to give his requested instruction on mere presence, because it was his sole defense. But "'mere presence' is not

recognized as a separate and discrete defense to a criminal charge.[Cit.]" *Reyes v. State*, 322 Ga. App. 496, 498 (2) (745 SE2d 738) (2013). Rather,

> [t]he rule that mere presence at the scene of a crime is insufficient to convict is actually a corollary to the requirement that the State prove each element of the offense charged. In the present case, the trial court correctly instructed the jury on the duty of the State to prove each element of the crime beyond a reasonable doubt and instructed the jury fully on the law of circumstantial evidence.

(Citations and punctuation omitted.) *Jackson v. State*, 281 Ga. 705, 707 (5) (642 SE2d 656) (2007). Moreover, "[a] trial court need not give a charge that is unsupported by the evidence." *Flowers v. State*, 291 Ga. 122, 123 (2) (728 SE2d 196) (2012). The evidence shows that Allen was not merely present but was the sole participant in the crime. "[O]ne who is actively engaged in the crime charged is not entitled to a jury instruction on mere presence." (Citation and punctuation omitted.) *Huckabee v. State*, 287 Ga. 728, 733 (4) (c) (699 SE2d 531) (2010); see *Torres v. State*, 298 Ga. App. 158, 159 (1) (679 SE2d 757) (2009) (defendant not entitled to charge on mere presence as sole defense where evidence showed connection to contraband other than mere presence in hotel room).

3. Allen complains that the trial court failed to exercise its discretion in sentencing him pursuant to OCGA § 17-10-7 (a) and (c). The State introduced four prior felony drug convictions in aggravation of sentencing and for the imposition of recidivist sentencing pursuant to OCGA § 17-10-7 (a) and (c).

Following the verdict, when discussing Allen's status as a recidivist, the trial court commented, "if he's beyond or at the fourth one, I believe it's a max sentence if I recall." During the sentencing hearing, the following colloquy took place between the trial court, counsel for Allen, and counsel for the State:

The Court:            Well, this is his fifth one?
[Allen's counsel]:   Fifth felony, Your Honor.
The Court:            Uh-huh (affirmative).
[State's counsel]:   Yes, Your Honor. We'd be asking the Court to impose the maximum sentence in this case.
The Court:            I think that's what the statute provides for now, isn't it?
[Allen's counsel]:   It does.
The Court:            Under 17-7-10 [ ] (c)?
[Allen's counsel]:   Yes.
The Court:            So I'll sentence him to ten years.

Allen argues that this colloquy reveals the trial court believed it had no discretion to sentence him to anything other than the maximum sentence. The State argues that there is no affirmative evidence that the court was mistaken or misinformed regarding its ability to exercise discretion in sentencing Allen. It points to the court's statements

during the hearing on the motion for new trial as evidence that the court considered all the facts and circumstances in sentencing Allen to the maximum sentence. In denying Allen's motion for new trial, the trial court stated: "As to exercise of discretion, the Court exercised its discretion in a case where you have that many convictions. The Court asked a question about how many conviction[s] so we would know what to do."

Both Allen and the State have misinterpreted OCGA § 17-10-7. Section (a) provides:

> [A]ny person who, after having been convicted of a felony offense in this state or having been convicted under the laws of any other state or of the United States of a crime which if committed within this state would be a felony and sentenced to confinement in a penal institution, commits a felony punishable by confinement in a penal institution *shall be sentenced to undergo the longest period of time prescribed for the punishment of the subsequent offense* of which he or she stands convicted, provided that, unless otherwise provided by law, the trial judge may, in his or her discretion, probate or suspend the maximum sentence prescribed for the offense.

(Emphasis supplied.) OCGA § 17-10-7 (c) provides:

> [A]ny person who, after having been convicted . . . for three felonies . . ., commits a felony within this state shall, upon conviction for such

7

fourth offense or for subsequent offenses, *serve the maximum time provided in the sentence of the judge* based upon such conviction and shall not be eligible for parole until the maximum sentence has been served.

(Emphasis supplied.) Therefore, subsection (a) prescribes the *sentence* that the trial court *must* impose for a felony conviction that follows a prior felony conviction: the longest period of time provided for the punishment, i.e., the maximum sentence for the crime. Subsection (c) does not prescribe the sentence that must be imposed, but rather dictates that a person convicted of a fourth felony or more must *serve* the maximum time provided in the court's sentence and is not eligible for parole. These subsections "must be read together. If both apply, as here, the trial court must apply them both." (Citations and punctuation omitted.) *Lester v. State*, 309 Ga. App. 1, 5 (2) n.3 (710 SE2d 161) (2011).

In applying OCGA § 17-10-7 (a) and (c), the trial court had no discretion with regard to the term of the sentence and was required to sentence Allen to ten years – the maximum sentence for shoplifting. See former OCGA § 16-8-14 (b) (2) (sentence for shoplifting one to ten years where theft exceeds $300); see also *Lester*, supra (trial court lacked discretion to sentence defendant to anything other than maximum sentence of life imprisonment for armed robbery under OCGA § 17-10-7 (a));

8

compare *Page v. State*, 287 Ga. App. 182, 184 (3) (651 SE2d 131) (2007) (while court was authorized to sentence defendant to maximum term of 20 years, sentence vacated because court stated it had no discretion to probate or suspend any portion of sentence).[2]

*Judgment affirmed. Doyle, P. J., and McFadden, J., concur.*

---

[2]Allen does not argue, and the record does not reflect, any error by the trial court with regard to its decision not to probate or suspend a portion of Allen's sentence.