297 Ga. 442
FINAL COPY

S15A0587. DAILEY v. THE STATE.

HUNSTEIN, Justice.

Appellant Earnest Earl Dailey, Jr., was convicted of felony murder in connection with the death of Jermaine Little. Dailey appeals, contending that the trial court impermissibly commented on the evidence and erred in evidentiary rulings and in refusing to instruct the jury on voluntary manslaughter. We find no merit in these contentions and affirm.[1]

1. Viewed in the light most favorable to the verdict, the evidence presented at trial showed that, on the afternoon of February 1, 2012, Little walked to Paul's IGA grocery store to purchase cigarettes. While Little was outside the store, Dailey approached Little and argued with him briefly. Dailey then struck Little on the back of the head with an object that resembled a

---

[1] The crime occurred on February 1, 2012. On May 29, 2012, Dailey was indicted by a Richmond County grand jury for malice murder and felony murder. On February 27, 2013, the trial jury found Dailey guilty of felony murder. That same day, the trial court sentenced Dailey to life in prison. On March 5, 2013, Dailey filed a motion for new trial, which he amended on August 6, 2014. Following a hearing, the trial court entered an order on August 12, 2014, denying the motion as amended. Dailey filed a timely notice of appeal, and the appeal was docketed to the January 2015 term of this Court and submitted for decision on the briefs.

wooden table leg. Little collapsed on the sidewalk and, after being transported to a hospital, died several days later. Although Dailey does not contest the sufficiency of the evidence, we conclude that, viewed in the light most favorable to the verdict, the evidence presented at trial was sufficient to authorize a rational jury to find him guilty beyond a reasonable doubt of the felony murder of Little. See Jackson v. Virginia, 443 U. S. 307, 319 (99 SCt 2781, 61 LE2d 560) (1979).

2. Dailey contends that the trial court impermissibly commented on the evidence when he disparaged trial counsel in the presence of the jury. During trial counsel's cross-examination of Sergeant William Leisey, the supervising investigator, the prosecutor objected that "pretty much everything [trial counsel] is asking Investigator Leisey is all hearsay." The trial court responded:

> Well, I mean at some point Sergeant Leisey indicated that he was ultimately responsible for the investigation. However, I think he has made it clear what he did and did not do. So if [trial counsel] wants to meander through this I think [he] has the right to. How effective it is[,] is another question. So I'll overrule the objection.

Dailey argues that the comment violated OCGA § 17-8-57, which provided that "[i]t is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not

2

been proved or as to the guilt of the accused."[2] He asserts that this comment was a clear intimation of the judge's view that trial counsel was wasting his and the jury's time because the evidence was clearly sufficient to support the charges. However, the overall import of the judge's comment was an explanation of the ruling on the State's objection, and such explanations clearly do not run afoul of OCGA § 17-8-57. See Johnson v. State, 246 Ga. 126, 128 (V) (269 SE2d 18) (1980) ("remarks of a judge assigning a reason for his ruling are neither an expression of opinion nor a comment on the evidence"). The judge's brief musing about defense counsel's strategy was unnecessary, and such comments should be avoided, but the judge's comment here in no way constituted the type of direct comment on the substance or weight of the evidence that we have held to violate OCGA § 17-8-57.[3] Compare Murphy v. State, 290 Ga. 459, 460-461 (2) (722 SE2d 51) (2012) (trial judge's comments that witness was a "good detective" and that through "his good efforts we're going to find the truth of the

_____

[2] This Code section was amended subsequent to the trial herein. See Ga. L. 2015, p. 1050, § 1.

[3] The record reflects that immediately after the judge made this comment, trial counsel, after the jury had been excused, asked the judge not to comment on counsel's method of cross-examination. No similar comments by the trial judge appear in the record.

matter" violated OCGA § 17-8-57).  Therefore, we discern no error.

3. Dailey challenges the trial court's exclusion of testimony from Sergeant Chris Langford, one of the investigating officers, that one person had failed to identify Dailey from a photographic lineup, asserting that the testimony was admissible under OCGA § 24-8-801 (d) (1) (C) (prior statement of witness is not hearsay if declarant testifies and is subject to cross-examination, and if the statement is one of identification of a person).  He also argues that the testimony had indicia of reliability and that it was exculpatory evidence that the jury was entitled to hear.  The trial court, however, properly sustained the State's hearsay objection to the detective's testimony where it was clear that the individual in question was not going to be called to testify.  See, e.g., United States v. Brewer, 36 F3d 266 (C) (2d Cir. 1994) (no error to preclude cross-examination of officer regarding non-testifying witnesses' inability to identify defendant from a photo array).  To the extent that Dailey seeks to argue that the testimony was admissible under OCGA § 24-8-807 (residual exception to hearsay rule), he failed to make this argument below, instead arguing that the testimony was admissible to explain the officer's conduct, an argument not made on appeal.

4.   Dailey contends that the trial court erred in admitting autopsy

photographs. However, the medical examiner testified that the photographs showed the internal injuries that caused the victim's death and that were not evident from the pre-incision photographs. This testimony established the relevance of the photographs. See OCGA § 24-4-401; see also Brown v. State, 250 Ga. 862, 867 (5) (302 SE2d 347) (1983) (holding, under former Evidence Code, that "[a] photograph which depicts the victim after autopsy incisions are made . . . will not be admissible unless necessary to show some material fact which becomes apparent only because of the autopsy"). The fact that Dailey may not have disputed the cause of death did not diminish the relevance of the photographs. See Browner v. State, 296 Ga. 138 (3) (765 SE2d 348) (2014) (fact that cause of death was undisputed did not render autopsy photographs unnecessary). Additionally, prior to admitting the photographs, the trial court considered whether the probative value of the photographs was substantially outweighed by the danger of unfair prejudice. See OCGA § 24-4-403. Therefore, the trial court did not abuse its discretion in admitting the photographs.

5. Finally, Dailey challenges the trial court's refusal to give his requested

charge on voluntary manslaughter. However, a review of the record supports the trial court's conclusion that there was no evidence that the attack was "solely as a result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person," OCGA § 16-5-2 (a). At most, the evidence showed that Dailey and the victim argued briefly after Dailey accused the victim of being a thief. It is well settled that such angry words alone generally are insufficient to incite "serious provocation" within the meaning of OCGA § 16-5-2 (a). See Merritt v. State, 292 Ga. 327, 331 (2) (737 SE2d 673) (2013) ("[a]s a matter of law, angry statements alone ordinarily do not amount to 'serious provocation'"); Riggins v. State, 279 Ga. 407 (2) (614 SE2d 70) (2005) (evidence that defendant and victim argued was insufficient to authorize a charge on voluntary manslaughter). Therefore, the trial court did not err in declining to give the requested instruction.

Judgment affirmed. All the Justices concur.


Decided June 29, 2015.

Murder. Richmond Superior Court. Before Judge Padgett.

Durham & Crane, Danny L. Durham; Charles R. Sheppard, for appellant.

Ashley Wright, District Attorney, Madonna M. Little, Joshua B. Smith, Assistant District Attorneys; Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jason M. Rea, Assistant Attorney General, for appellee.