In the Supreme Court of Georgia

Decided: October 5, 2015

S15A0743. FULCHER v. THE STATE.

BENHAM, Justice.

Appellant Marial Markeith Fulcher appeals his convictions for the death of Troy Clark.[1] We affirm.

The evidence viewed in a light most favorable to the verdicts showed appellant lived and had a child with a woman named Isis Scurry. While in a relationship with appellant, Scurry also had sexual relations with the victim. At trial, Scurry testified that appellant had threatened to kill her and the victim on prior occasions if she did not "leave [the victim] alone." Scurry also testified

[1]The crimes occurred on April 26, 2008. On July 1, 2008, a Screven County grand jury indicted appellant on charges of malice murder, felony murder, two counts of aggravated assault, and possession of a firearm or a knife during the commission of a crime. A jury heard the case from June 24-25, 2009, and returned guilty verdicts on all charges. The trial court sentenced appellant to life for malice murder, life for felony murder, and five years to be served consecutively for possession of a firearm or knife during the commission of a crime. The remaining charges were merged for sentencing purposes. On July 6, 2009, appellant filed a motion for new trial and amended that motion on May 14, 2014. On June 14, 2014, the trial court held a hearing on the motion as amended and on July 8, 2014, it vacated the life sentence on the felony murder conviction, but denied the motion for new trial, as amended, in all other respects. Appellant filed a notice of appeal on July 18, 2014, and the appeal was docketed to the April 2015 Term of this Court for a decision to be made on the briefs.

that the day before the incident, the victim and appellant both told her that they had engaged in a verbal altercation.[2] On the night in question, appellant went to a party where the victim was in attendance, waited in the woods surrounding the backyard where the party was held, and shot the victim in the head at an opportune moment. Although appellant was wearing a bandana around his face, a witness identified him as the shooter. Appellant ran back into the woods and was eventually picked up by his sister and cousin. On the way to their grandmother's house, the group stopped at a pond where appellant threw the gun into the water. The medical examiner testified that the victim was shot once in the head and that the shooting was at close range because of the presence of gunpowder residue near the wound. With information gathered from appellant's cousin, authorities recovered the gun from the pond. The medical examiner recovered a blue-colored bullet from the victim's body during the autopsy, and authorities found matching blue-colored bullets during a search of appellant's home. The firearms examiner testified that his ballistics tests showed that the

---

[2]Scurry did not witness the verbal altercation.

2

bullet recovered from the victim's body was fired from the gun police recovered from the pond.

1. The evidence adduced at trial and summarized above was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. Jackson v. Virginia, 443 U.S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. Appellant contends the trial court erred when it did not give an instruction on voluntary manslaughter. However, appellant concedes that he never made a written or a verbal request for a jury charge on voluntary manslaughter. In order to prevail in the absence of a request to charge, appellant must make an affirmative showing that the trial court's failure to give the charge, on its own accord, constituted plain error. See Shaw v. State, 292 Ga. 871 (2) (742 SE2d 707) (2013). "[P]lain-error analysis requires the appellant to make an affirmative showing that the error probably did affect the outcome below." (Citations and punctuation omitted) Id. at 873. Here, appellant has failed to show that the failure to give a charge on voluntary manslaughter affected the outcome below because there was no evidence that the shooting was "solely as a result of a sudden, violent, and irresistible passion resulting from

3

serious provocation sufficient to excite such passion in a reasonable person...."

OCGA § 16-5-2 (a); <u>Dailey v. State</u>, __ Ga. __ (5) (774 SE2d 672) (2015).

Rather, the evidence showed that appellant was aware for some time prior to the shooting that Scurry had been having a sexual relationship with the victim. Although there was a verbal altercation between appellant and the victim the day before the shooting, there was no evidence of any altercation immediately preceding the shooting. The record shows, in fact, that appellant had lain in wait for the victim and, when an opportunity presented itself, shot the victim in the head at close range. The trial court did not err in failing to give a charge unsupported by the evidence. See <u>Flowers v. State</u>, 291 Ga. 122 (2) (728 SE2d 196) (2012).

3. Appellant contends the trial court erred when it failed to grant a mistrial after the prosecutor made allegedly improper statements during his closing argument. The relevant statements are as follows:

> Now the defense brought up Amisha Fulcher.[3] There are several reasons why the State did not present Amisha Fulcher to testify for you today. First being she's his sister. And it would be a great

---

[3]During his closing argument, which preceded the closing argument by the State, defense counsel said, "Now we haven't heard from Amisha Fulcher. Her testimony is not before the Court and not before you for consideration."

hardship on her to be in here and faced with the prospect of testifying against her brother in a murder case. The second reason is you heard the evidence and you heard how involved she was in this murder case.

Now, again, you're not here today to decide about the level of criminal responsibility of Amisha Fulcher. So the evidence presented before you is that she provided defendant with the murder weapon. And that she told [her cousin] to turn around and pick him up after he had committed the murder.

But most importantly the reason why the State did not call her as a witness is simply because she had nothing to add to the case. She had nothing to say other than that which was testified to by [her cousin]. If she had any further information, particularly any information which would have been beneficial to the defendant, the defendant would have called her just as he did the two witnesses he chose to call.

When the prosecutor finished closing, appellant objected and moved for a mistrial on the grounds that the above-referenced portion of the prosecutor's closing argument improperly shifted the burden of proof from the State to the defendant.[4] The trial court denied appellant's motion for mistrial, but gave the following curative recharge[5] on the burden of proof:

---

[4]We note that defense counsel's decision to hold his objection and request for mistrial until after the closing argument had ended rendered his objection and request untimely. See Cowart v. State, 294 Ga. 333 (3) (751 SE2d 399) (2013). Since the trial court nevertheless ruled on the issue, we likewise will review it on the merits.

[5]The trial court charged the jury immediately prior to closing argument. The instruction given on the burden of proof after closing argument was a recharge.

5

> As well, I would remind you of the burden of proof in this case, the burden of proof resting on the State entirely. The defendant is presumed innocent and that presumption remains with him until and unless it is overcome by the State that is sufficient to convince you beyond a reasonable doubt of his guilt, if you are so convinced. The burden never shifts to the defendant in any way to prove innocence, to offer evidence or in any other respect. The defendant has absolutely no burden in the case whatsoever.

Appellant argues that this curative recharge was insufficient to cure the prosecutor's allegedly improper statements during closing argument and that he was entitled to a mistrial. We disagree.

Whether to grant a mistrial is a matter of the trial court's discretion. Jackson v. State, 292 Ga. 685 (4) (740 SE2d 609) (2013). The trial court's ruling on a motion for mistrial will not be disturbed unless there is a showing that a mistrial is essential to the preservation of the right to a fair trial. Id. at 689. Pretermitting whether the comments were improper, the trial court's curative instruction after the closing arguments remedied any concern that the prosecutor's comments would lead the jury to place the burden of proof on appellant. We find no abuse of discretion. See Miller v. State, 289 Ga. 854 (4) (717 SE2d 179) (2011).

Judgment affirmed. All the Justices concur.